Donahue, J.
If Section 9510-1, General Code, is to be given any force or effect whatever, then thé question of equitable subrogation is of no importance in the disposition of this case. That section provides that an employe who recovers against his employer for injuries sustained while in his employ, and because of negligence of the employer, or negligence for which he or it is liable, shall be subrogated to all the rights of the employer under any contract or policy of insurance against loss or damage resulting to the employer for injury or death of an employe while in the service of such employer whether the person, copartnership or corporation contracting or issuing such policy of insurance has been made a party to the action for damages sustained or not.
If this section confers no right of subrogation upon the injured workman until the judgment he has secured against his employer has been paid and discharged, then it is a monumental folly, that can serve no purpose in any case; for, when the judgment is paid, the injured workman has no further interest in the litigation, and no need of subrogation to the rights of his employer.
It is contended by counsel for the defendant in error that Section 9510-1, General Code, is in conflict with the provisions of Section 1, Article XIV, of the Federal Constitution.
In answer to this contention it is sufficient to say that under the decisions of this court the right of the state to regulate and control the business of insurance and contracts of insurance is no longer an open question in Ohio. The National Fire In *265 surance Co. v. Dennison, 93 Ohio St., 404; Robbins v. Hennessey et al., 86 Ohio St., 181, and State, ex rel., v. Ackerman, 51 Ohio St., 163.
The same question, while not directly presented to the court, was necessarily involved in the case of State, ex rel. Turner, Atty. Gen., v. Employers’ Liability Assurance Corporation, Ltd., 95 Ohio St., 289.
The authority of the defendant in error to issue a contract of indemnity is based upon the provisions of Section 9510, General Code. Section 9510-1, General Code, specifically applies to the contract of insurance authorized by Section 9510, General Code, “to indemnify employers against loss or damage for personal injury, or death resulting from accidents to employes.” The state, having the authority to grant or withhold the right to make indemnity contracts, may impose terms and conditions upon which the right so granted may be exercised. Whoever seeks to avail himself of the benefits conferred by statute must observe the conditions imposed.
Section 9510-1, General Code, becomes a part of every contract of indemnity as fully as if written therein. Its provisions must control, regardless of the terms and conditions written into the policy by the contracting parties.
Sections 9510 and 9510-1, General Code, relate to the same subject-matter and must be construed together. If by the provisions of Section 9510, General Code, authority is granted to write contracts of indemnity without limitations or restrictions as to terms, Section 9510-1 limits that au *266 thority to the writing of contracts of indemnity which contain terms consistent with its provisions. State, ex rel. Turner, Atty. Gen., v. Employers’ Liability Assurance Corporation, Ltd., supra.
In view of the fact that Section 9510-1 subrogates the injured workman to all the rights of the employer under any contract or policy of insurance of this character, the contracting parties cannot provide in the contract that no suit can be brought upon the policy except by the employer himself. It is equally clear that the further provision in the contract, that action cannot be brought thereon by the employer until after the judgment is satisfied and paid in full, is also void, for such a provision would likewise defeat the right of the employe to subrogation, and deprive him of all the benefits intended to be conferred by this statute.
This contract of indemnity provides in terms that when suit is brought by an injured workman against the employer, the employer shall cause every summons, process and other paper relating to such suit to be delivered to the insurance company as soon as served on the employer; that thereafter the company will, at its own cost, defend the suit in the name of and on behalf of the employer; and that the employer shall not interfere in any legal proceedings relative to or growing out of any casualty covered in whole or in part by the policy of insurance, nor with the negotiations for the settlement of any claim arising from such casualty, nor shall such employer settle any such claim or incur any expense in connection with such casualty save such as may be necessary in providing at the *267 time of the accident imperatively needful surgical relief.
If under the provisions of Section 9510, General Code, a contract of indemnity may contain a binding agreement that a stranger to the litigation may for a price assume the entire burden of the defense, including costs, and deprive the real party in interest of the right to settle the litigation at terms satisfactory to himself, certainly the other party to the suit should be compensated in some way for the increased burdens of litigation that such a contract necessarily imposes upon him.
Section 9510-1, General Code, recognizes the justice of this situation by subrogating the injured employe to the rights of his employer under the contract of indemnity, whenever' he has reduced his claim for damages to judgment.
Under this contract the insurance company had its day in court, with full opportunity to defend against the claim for which it is ultimately liable. It prevented the possible settlement and adjustment between the real parties to the controversy; it controlled the litigation and compelled the. injured workman to establish by proof the justice of his claim and the amount of damages he had suffered by reason of the injuries received in the course of his employment, through the fault or negligence of his employer. It is but -fair that the contract should then inure to his benefit for the satisfaction of the judgment he has obtained, notwithstanding the intervention and activities of the insurance company in the defense of the suit.
*268 It is wholly unimportant, however, what considerations moved the general assembly in the enactment of Section 9510-1, if the purpose and intent of the legislative authority is clearly expressed in plain and unambiguous language. Slingluff et al. v. Weaver et al., 66 Ohio St., 621.
It is clear that this section is directed to the contract of indemnity authorized by Section 9510, General Code. It is equally clear that this section contemplates that such contracts shall vest rights after judgment against the employer, to which the employe may be subrogated. The intent and purpose of this statute cannot be defeated by any provision in the contract itself in conflict with or in defiance of the provisions of Section 9510-1, General Code, that would make subrogation impossible or wholly useless.
It is insisted, however, that a contract that would vest a right of action in the employer, upon the rendition of a judgment against him in favor of an injured employe, would not be a contract of indemnity, for the reason that the employer is not damaged in any respect until he is compelled to pay the judgment, and therefore could not have indemnity where he has suffered no actual loss. The language of the statute, however, is “against” loss or damage, and not “for” loss or damage.
If it were the intention of the general assembly of Ohio to authorize by Section 9510, General Code, the making of a contract solely to reimburse for loss and damages actually sustained, then the word “for” would have been used instead of the word “against;” for the word “against,” in the *269 connection in which it is used, means to protect and save harmless from any loss or damage whatever.
If an indemnity contract is one that provides solely for the reimbursement of a loss actually suffered, and not to protect against the suffering of any loss, then the word “indemnify” as used in the statute must have been unadvisedly or inadvertently used, for the statute authorizes a contract .that will protect against loss.
It is also clear from the provisions of Section 9510-1 that the legislature understood that it had authorized by Section 9510 the making of a contract of insurance against loss or damages, and not merely a contract to reimburse for loss and damages actually sustained; otherwise this section would not have purported to subrogate the injured employe to a right that would not exist until too late to be of value to him.
It is wholly unimportant for the purposes of this case whether a contract by an insurance company to protect an employer from suffering loss or damage is a contract of indemnity or not. Section 9510, General Code, authorizes such a contract. Section 9510-1, General Code, contemplates that under the provisions of the former section only .such contracts may be written, and therefore, upon rendition of final judgment against the employer, subrogates the injured workman to the rights of the employer under the contract authorized.
It is not within the power of the contracting parties to make any other or different contract that would defeat this right of subrogation.
*270 The judgment of the common pleas court, and the judgment of the court of appeals affirming the same, are hereby reversed, and judgment is entered for plaintiff upon the agreed statement of facts filed in the common pleas court of Cuyahoga county.

Judgment reversed.

Nichols, C. J., Wanamaker, Newman, Jones, Matthias and Johnson, JJ., concur.